UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA SCHRYER, | : | |
| Plaintiff | : | PRISONER |
| | : | CASE NO. 3:11-cv-1250(VLB) |
| v. | : | |
| | : | November 17, 2011 |
| CAPTAIN ROBERT MARTIN, ET AL., | : | |
| Defendants | : | |

## INITIAL REVIEW ORDER

The plaintiff, Rebecca Schryer, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983.  She names Captain Robert Martin, Lieutenant James Shabenas and Correctional Officer Monty as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' . . . 'a formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement,' . . . does not meet the facial plausibility" standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

   The plaintiff alleges that in August 2008, she was incarcerated at York Correctional Institution in Niantic, Connecticut ("York").  On August 6, 2008, numerous correctional officers assaulted her.  Immediately after the assault, the plaintiff requested that unit staff and Captain Martin provide her with medical attention.  Several hours later, a nurse came and gave the plaintiff a cursory exam and left her handcuffed behind her back in a pool of blood.  At some point, Captain Martin and other officers rinsed the plaintiff off in the shower and escorted her to another cell.  The plaintiff received no further medical attention that day.

   In the days following the assault, the plaintiff experienced heavy bleeding.  She informed Captain Martin, but he failed to take any action or arrange for the plaintiff to be treated by medical staff.  In the next several months, the plaintiff

experience severe fatigue, episodes of vertigo, lack of appetite and disorientation. The plaintiff requested medical attention, but none was provided to her. One night in November, officers escorted the plaintiff to the medical department and the following day, medical staff rushed the plaintiff to the University of Connecticut Medical Center for an emergency blood transfusion. The plaintiff seeks money damages.

To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims against all defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff indicates that Lieutenant James Shabenas is employed at York and Correctional Officer Monty is employed by the Department of Correction. The plaintiff does not otherwise mention these defendants in the body of the complaint. As such, the plaintiff has not alleged that they violated her federally or constitutionally protected rights. The claims against defendants Shabenas and Monty are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the complaint, the court concludes that the case should

proceed at this time as to the claims against Captain Robert Martin in his individual capacity.

## Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The claims against all defendants for monetary damages in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2) and the claims against defendants Shabenas and Monty in their individual capacities are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) .  The claims against defendant Martin in his individual capacity shall proceed.

The court will permit the plaintiff 30 days from the date of this order to file an amended complaint as to defendants Shebenas and Monty provided that she can allege the involvement of one or more of these defendants in the alleged use of excessive force and/or deliberate indifference to safety or serious medical needs.  The Clerk shall send the plaintiff an amended complaint form with a copy of this order.[1]

(2)     Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of

---

[1] The plaintiff is reminded that an amended complaint completely replaces the original complaint.  Thus, if the plaintiff chooses to file an amended complaint, it shall include all of the claims and requests for relief she seeks to have the court consider and shall name all of the defendants against whom she seeks relief.

Correction Office of Legal Affairs the current work address for defendant Robert Martin in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If defendant Martin fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant Matin shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     Defendant Martin shall file his response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within

eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection for good cause shown.

SO ORDERED at Hartford, Connecticut this 17th day of November, 2011.


_____/s/_____
Vanessa L. Bryant
United States District Judge