UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA SCHRYER | : | CASE NO. 3:11CV1250(VLB) |
| | : | |
| v. | : | |
| | : | |
| CAPTAIN ROBERT MARTIN, ET AL. | : | MARCH 13, 2013 |

### RULING DENYING MOTION FOR RECONSIDERATION

By motion dated March 9, 2013 filed pursuant to Federal Rule of Civil Procedure 59(e), the defendant Robert Martin moves for reconsideration of this Court's ruling denying, in part, his motion for summary judgment. [Dkt. No. 17] The movant submits that a section of the Court's ruling is contrary to controlling case law and should be reconsidered to correct an error in law and to bring to the court's attention controlling law overlooked. Id.  In support of his motion for reconsideration, the Defendant notes that in support of his Motion for Summary Judgment, the Defendant, a supervisor, argued that he did not have the requisite personal involvement in the incident to assert a viable constitutional claim against him. *Id.*  The Defendant argues that the Court denied summary judgment, finding that the narrative in the defendant's incident report "suggests that Captain Martin was in fact present when the chemical agent was deployed and the plaintiff brought under control by correctional officers using force." *Id.*  Martin argues that even if this fact is assumed to be true there is no evidence, of any sort, that Captain Martin was actively involved in the use of force on the plaintiff and therefore judgment must enter in his favor. *Id.* The motion must be denied because the first paragraph of the order denying summary judgment devoted to Martin's personal involvement states that

the *pro se* Plaintiff, to whom a lower pleading standard applies, alleged that Martin was not only present, but also ordered the use of pepper spray by Lieutenant Shabenas and that Martin failed to protect her from the use of force by Officers Monty and Rizzuto in bringing her under control after the spray was deployed. [Dkt. No. 16, p. 5]. Thus the *pro se* Plaintiff has sufficiently raised a genuine issue of material fact as to Defendant Martin's personal involvement in the use of force against the Plaintiff.  For the foregoing reason, the motion for reconsideration is DENIED.

Dated this 13th day of March, 2013 at Hartford, Connecticut.

        SO ORDERED
        /S/
        Vanessa L. Bryant,
        United States District Judge